**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

**Docket Number(s)**: 23-6313 (L), 23-6314 (con)     **Caption [use short title]**

**Motion for:** Consolidation of Appeals

USA v. Prawl

Set forth below precise, complete statement of relief sought:

Motion to consolidate this appeal with the appeal in Docket Nos. 25-400.

**MOVING PARTY:** United States of America     **OPPOSING PARTY:** Brandon Prawl
☐ Plaintiff   ☐ Defendant
☐ Appellant/Petitioner   ☑ Appellee/Respondent

**MOVING ATTORNEY:** Joshua Rothenberg, AUSA     **OPPOSING ATTORNEY:** Murry Singer, Esq.
[name of attorney, with firm, address, phone number and e-mail]

100 South Clinton Street, Syracuse, NY 13261     14 Vanderventer Ave., Ste 147, Port Washington, NY 11050
Tele: 315-448-0672     Tele: 516-869-4207
Email: Joshua.Rothenberg2@usdoj.gov     Email: msingerlaw@gmail.com

**Court-Judge/Agency appealed from:** NDNY District Judge Glenn T. Suddaby

**Please check appropriate boxes:**                                  **FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has movant notified opposing counsel (required by Local Rule 27.1):   Has request for relief been made below?   ☐ Yes ☐ No
☑ Yes   ☐ No (explain):                                               Has this relief been previously sought in this Court?   ☐ Yes ☐ No
                                                                      Requested return date and explanation of emergency:

Opposing counsel's position on motion:
☐ Unopposed   ☐ Opposed   ☑ Don't Know
Does opposing counsel intend to file a response:
☐ Yes   ☐ No   ☑ Don't Know

Is oral argument on motion requested?   ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)
Has argument date of appeal been set?   ☐ Yes ☑ No   If yes, enter date:

**Signature of Moving Attorney:**
s/ Joshua Rothenberg     **Date:** 4/2/2025     **Service by:** ☑ CM/ECF   ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

UNITED STATES OF AMERICA,
          Appellee,

v.

BRANDON PRAWL,
          Defendant-Appellant.
_____

Docket Nos.
**23-6313 (L)**
23-6314 (con)

---

DECLARATION IN SUPPORT OF APPELLEE UNITED STATES OF AMERICA'S MOTION TO CONSOLIDATE APPEALS

---

JOSHUA ROTHENBERG declares under penalty of perjury:

1.    I am an Assistant United States Attorney for the Northern District of New York. I represent Respondent-Appellee United States of America in this appeal. I submit this declaration in support of the government's motion to consolidate the appeals assigned Docket Nos. 23-6313 (L), 23-6314 (con), and 25-400 in this Court.

2.    Defendant-Appellant Brandon Prawl was convicted of several drug offenses and possessing a firearm in furtherance of a drug offense in the United States District Court for the Northern District of New York (Suddaby, *S.J.*),

Case No. 20-cr-334. Those convictions resulted in a total 84-month prison term and 3-year term of supervised release.

3. As detailed more fully in the attached memorandum of law, Prawl has three active appeals from his criminal case. His first appeal is interlocutory; his second is from a judgment of conviction entered on March 30, 2023; and his third is from decision entered on January 31, 2025 denying his motion for release pending appeal. Case No. 20-cr-334 Dkts. 111, 155 (the judgment and the order denying his motion).

4. This Court consolidated Prawl's first and second appeals, Docket Nos. 23-6313 (L) and 23-6314 (con), which are set for oral argument on April 7, 2025.

5. I contacted Murray Singer, Esq., counsel for Prawl in Docket Nos. 23-6313 (L) and 23-6314 (con), advised him of this motion, and pursuant to Local Rule 27.1 asked him for his position and whether he intends to respond. Attorney Singer did not feel presently able to provide a position on the government's motion or possible response thereto. Prawl is currently proceeding pro se in Docket No. 25-400. Because Local Rule 27.1 applies only where all parties are represented by counsel, I did not confer with Prawl and do not know his position on consolidation.

6. In accordance with the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date of Execution: April 2, 2025
                         Syracuse, New York

                                                      s/ *Joshua Rothenberg*
                                                      Joshua Rothenberg

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>               Appellee,<br><br>v.<br><br>BRANDON PRAWL,<br>               Defendant-Appellant. | Docket Nos.<br>**23-6313 (L)**<br>**23-6314 (con)** |

_____

_____

MEMORANDUM OF LAW IN SUPPORT OF
APPELLEE UNITED STATES OF AMERICA'S
MOTION TO CONSOLIDATE APPEALS

_____

The government submits this memorandum of law in support of its motion to consolidate these appeals, and attendant requests to allow defense counsel to supplement the motion for bail pending appeal and allow the government to respond to such supplement.

After a three-day trial, a jury convicted Defendant-Appellant Brandon Prawl of several drug crimes and possessing a firearm in furtherance of a drug crime. A:14-16 (docket entries reflecting jury trial); A:491-92 (verdict).[1] On March 30, 2023, the district court sentenced Prawl to a total 84-month term of

---

[1] "A" refers to the appendix Prawl filed in Case No. 23-6313.

imprisonment, comprising concurrent 24-month terms on the drug counts and a consecutive 60-month term on the firearm count, and concurrent 3-year terms of supervised release. A:526-28.

Before sentencing, Prawl filed a pro se interlocutory notice of appeal. Dist. Ct. Dkt. 100.[2] This Court docketed the appeal as Case No. 23-6313. After judgment entered, Prawl filed a counseled notice of appeal. A:533. This Court docketed the appeal as Case No. 23-6314. Without motion, this Court designated Case No. 23-6314 as a consolidated case with Case No. 23-6313, the lead case. Case No. 23-6314 Dkt. 3. Prawl filed a consolidated opening brief, the government filed a consolidated response, and Prawl filed a consolidated reply. Case No. 23-6313 Dkts. 49, 59, 65. With the Court's permission, Prawl filed a consolidated supplemental brief and the government filed a consolidated supplemental response. Case No. 23-6313 Dkts. 69, 74, 79. On February 26, 2025, this Court set those appeals for argument on April 7, 2025. Case No. 23-6313 Dkt. 81.

Meanwhile, on November 26, 2024, Prawl filed a pro se motion in the district court for bail pending appeal. Dist. Ct. Dkt. 150. The briefing was

---

[2] References to the Dist. Ct. Dkt. are to the ECF number of documents filed in Northern District of New York Case No. 20-cr-334. References to other case numbers are to Prawl's appeals in this Court.

completed on January 8, 2025. Dist. Ct. Dkts. 152, 153, 154. The district court denied the motion for bail pending appeal on January 31, 2025. Dist. Ct. Dkts. 155. Prawl filed a notice of appeal on February 18, 2025. Dist. Ct. Dkt. 156. This Court docketed the appeal as Case No. 25-400. On March 11, 2025, Prawl filed a pro se brief arguing that the district court erred in denying his motion for bail pending appeal. Case No. 25-400 Dkt. 13. The same day, he filed a defective motion to proceed in forma pauperis. Case No. 25-400 Dkts. 15, 18. Then, on March 24, 2025, Prawl filed a pro se motion for bail pending appeal and to proceed in forma pauperis. Case No. 25-400 Dkt. 21. On March 26, 2025, this Court ordered the government to respond to Prawl's motion. Case No. 25-400 Dkt. 29.

The government moves that this new appeal be consolidated with the merits appeals and Prawl's brief and motion be treated as a motion in those appeals. The Federal Rules of Appellate Procedure appear to require, or at least suggest, that a defendant who has already noticed an appeal request bail pending appeal through a motion in that appeal rather than a new appeal. And even if not required, under the circumstances of this case—with the merits

3

fully briefed and oral argument less than a week away—there is good cause consolidate the cases and treat the new appeal as a motion.[3]

Federal Rule of Appellate Procedure 9(b) provides that "[a] party entitled to do so may obtain review of a district-court order regarding release after a judgment of conviction by filing a notice of appeal from that order in the district court, or by filing a motion in the court of appeals if the party has already filed a notice of appeal from the judgment of conviction." The advisory committee's note to the 1994 amendments, which rewrote the rule to substantially its modern form,[4] makes clear that where a notice of appeal has been filed, a motion in the pending appeal is the proper course. "Review may be obtained by motion if the party has already filed a notice of appeal from the judgment of conviction. If the party desiring review of the release decision has not filed such a notice of appeal, review may be obtained only by filing a notice of appeal from the order regarding release." Fed. R. App. P. 9 advisory committee's note to the 1994 amendments. Similarly, the advisory committee's note to the original rule explained that after an appeal has been filed "there is obviously no need for a separate appeal from the order of the district court respecting release" because

---

[3] The government does not oppose Prawl's request to proceed in forma pauperis.

[4] Stylistic changes were made in 1998. Fed. R. App. P. 9 advisory committee's note to the 1998 amendments.

it can be decided "on motion as an incident to the pending appeal." Fed. R. App. P. 9 advisory committee's note to the 1967 adoption. This Court has noted that "a motion is simply the method 'by' which '[a] party entitled to do so may obtain review of a district-court order regarding release after a judgment . . . if the party has already filed a notice of appeal from the judgment of conviction.'" *United States v. Hochevar*, 214 F.3d 342, 343 (2d Cir. 2000) (quoting Fed. R. App. P. 9(b)); *see also United States v. Wetselaar*, No. 17-10322, 2017 WL 6514650, at *1 (9th Cir. Nov. 7, 2017) (construing an appeal of an order denying bail pending appeal as a motion for bail pending appeal in an open merits appeal); *but see United States v. Marshall*, 78 F.3d 365, 366 (8th Cir. 1996) (stating that government was authorized to either separately appeal the district court's release of a defendant or file a motion in a defendant's pending criminal appeal).[5]

Even if this Court interpreted Rule 9(b) to not mandate that every defendant file a motion rather than a new appeal where there is a merits

---

[5] The Third Circuit has stated that "counsel in the direct appeal will not, as a matter of procedure, be able to obtain [the] desired review under Federal Rule of Appellate Procedure 9" where the defendant's "opening brief in the direct appeal had already been filed at the time of the district court's ruling" because any argument for bail pending appeal would be abandoned. *United States v. Banks*, No. 21-3190, 2022 WL 444262, at *1 (3d Cir. Feb. 14, 2022). In the interest of justice, the government affirmatively waives any possible abandonment of the request for bail pending appeal here.

appeal pending, requiring so here is necessary both to expeditiously resolve the motion and for other good cause. *See* Fed. R. App. P. 2(a). As this Court noted in *Hochevar*, "if a defendant move[s] for bail after his appeal ha[s] been fully briefed and argued," the panel hearing his appeal is in the best position to evaluate the appeal's merits, which is a critical consideration for determining whether to grant bail pending appeal. 214 F.3d at 344. Prawl's case has been fully briefed and argument is set for April 7, 2025. Case No. 23-6313 Dkts. 49, 59, 65, 69, 74, 79, 81. As such, the merits panel is—or in less than a week will be—best suited to decide the request for bail pending appeal. Moreover, Prawl is represented by counsel in the merits appeal, which will allow him the benefit of counsel's help. Leaving the appeals separate would be inefficient under these circumstances.

Accordingly, the government asks this Court to (1) consolidate Case No. 25-400 with Cases No. 23-6313 and 23-6314; (2) construe Prawl's brief and motion in Case No. 25-400 as a motion in Case No. 23-6313 and the government's response to the motion, which will be filed in Case No. 25-400, as a response in Case No. 23-6313; (3) allow defense counsel to supplement

Prawl's motion; and (4) allow the government to respond to any such supplement.

Dated:    Syracuse, New York
April 2, 2025

                                  JOHN A. SARCONE III
                                  United States Attorney
                                  Northern District of New York

                                  Attorney for Appellee
                                  United States of America

                                  s/ *Joshua Rothenberg*
                    By:    Joshua Rothenberg
                                  Assistant U.S. Attorney